**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **GERALD C. HENLEY, <u>et al.</u>,** | ) | **CASE NO. 1:10 CV 431** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND BOARD** | ) | **AND ORDER** |
| **OF EDUCATION, <u>et al.</u>,** | ) | |
| | ) | |
| Defendants. | ) | |

      <u>Pro se</u> plaintiffs Gerald C. Henley and Donna Brown filed the above-captioned action against the Cleveland Municipal School District, the Cleveland Municipal School Board of Education, Cleveland Mayor Frank G. Jackson, and Cleveland Municipal School CEO Dr. Eugene W. Sanders. The complaint seeks to stop a school board vote on a "transformation plan" which would potentially close or relocate up to 18 schools within the district.

      The Plaintiffs also filed a Motion for a Temporary Restraining Order. (Doc. 4.). The Court determined that Mr. Henley lacked standing to assert his claims, and dismissed him from the action. (Doc. 6.) The Court denied the Motion as to Ms. Brown. (Id.) Brown filed a Motion for Reconsideration. (Doc. 7.) The Motion for Reconsideration asserts arguments which

were not raised in the original Motion for Temporary Restraining Order or in the Complaint. New arguments do not provide a basis for the Court to reconsider its decision. See <u>Sault Ste. Marie Tribe of Chippewa Indians v. Engler</u>, 146 F.3d 367, 374 (6th Cir. 1998). For the reasons stated in the Court's Memorandum of Opinion and Order (Doc. 6), the Motion for Reconsideration (**Doc. No. 7**) is **denied**.

Encompassed in the Motion for Reconsideration is a Motion to Amend to Join Rhonda Hill as a plaintiff. (Doc. No. 7.) Ms. Hill indicates she is a parent with children that attend Cleveland schools that have been targeted for closure. She feels that the schools which her children attend are performing adequately and the alternatives do not meet the needs of her children. Ms. Brown also states that her son is currently attending a Cleveland Public School that is slated for closure. She contends that the schools available to him as alternatives will not meet his needs. She claims, without explanation, that the proposed actions of the Cleveland Municipal School Board violate various provisions of the No Child Left Behind Act ("NCLBA"), and the Individuals with Disabilities Education Act ("IDEA"). Ms. Hill's allegations do not provide a basis for relief and as such, that part of Doc. No. 7 that constitutes the Motion to Amend to add her as a party is also **denied**. The new allegations by Ms. Brown will be considered as an Amendment to her original complaint.

## I.  Background

Cleveland Municipal School District CEO Dr. Eugene Sanders has proposed a plan to boost student academic performance and to improve the school so that none of them are on academic emergency or watch status. This transformation plan, entitled "Whatever It Takes," proposes, among other things, the closing of certain schools, moving other schools, dividing

schools to make several smaller ones, restructuring school staff and changing curriculum. Under the plan, 18 schools have been targeted for closing, and 21 other schools face significant changes or restructuring. Most of the schools proposed for closure are on Cleveland's east side where foreclosures have had the most dramatic effect. Cleveland schools also face a $ 53 million dollar deficit which must be resolved. It is hoped that these changes will qualify the district for federal funds from the President's "Race to the Top" education reform package, and grants from foundations and the corporate community.

The proposed plan has not been without opposition. The plan originally was scheduled for consideration by the Board of Education on February 23, 2010. The District decided on February 11, 2010, however, to delay the vote until some time in March 2010 to give the Board and the public time to examine last-minute changes. See Thomas Ott, Cleveland School Board Will Delay Vote on Transformation Plan until March, CLEVE. PLAIN DEALER, Feb. 11, 2010.

Ms. Brown is one of the residents that opposes the adoption of the transformation plan. She contends that the east side of Cleveland is predominantly African American. She claims the plan will result in demographic and racial segregation. She indicates that 3 schools originally on the list of proposed closures now will remain open. One of these schools was in a predominantly African American neighborhood. The other two were in predominantly Caucasian neighborhoods. Ms. Brown states that the Plan is "'ill conceived' in its planning, preparation and presentation to the public." (Mot. at 2.) She states that if a March vote is permitted on the Plan, it will "take the Cleveland schools back to a segregated or 'upper class' or 'class' school system." (Compl. at 2.). She also asserts, without explanation, that the

defendants are not properly executing provisions of the No Child Left Behind Act. She asks this Court to enjoin the Cleveland School Board from voting on the plan, and to "look into the criminal actions and activities by defendants." (Id. at 9.)

Ms. Brown also states that her son is receiving special reading services at Success Tech High School through a reading specialist employed by A.G. Bell school. It is not clear whether her son is a student at Success Tech, A.G. Bell, or another school. A.G. Bell is slated for closing. She alleges that the closing of East High School or South High School would preclude her son from transferring to one of these schools. Both East High and South High are being divided into smaller schools. She claims this would violate the IDEA and the NCLBA.

Finally, Ms. Brown asserts the defendants are violating the First Amendment by permitting The Word Church to hold weekly religious services at East Technical High School ("East Tech"). She contends it is a violation of the Establishment Clause of the United States Constitution because East Tech is a publicly funded school. She also alleges it could interfere with the school's eligibility to receive funding under the president's proposed plan.

## II. Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

### A. Standing

As an initial matter, Ms. Brown lacks standing to contest the arrangement between East Tech High School and The Word Church. In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). Our standing jurisprudence contains two parts: Article III standing, which enforces the Constitution's case or controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction," Allen v. Wright, 468 U.S. 737, 751 (1984). The Article III limitations require a plaintiff to show that the conduct of which she complains has caused her to suffer an "injury in fact" that a favorable judgment will redress. Lujan, 504 U.S. at 560- 561. Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Allen, 468 U.S. at 751.

---

(...continued)
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

There is no indication Ms. Brown she has been injured personally by East Tech's alleged arrangement with the church. "A taxpayer's purely psychological disapproval that his funds are being spent in an allegedly unlawful manner is never sufficiently concrete and particularized to support Article III standing." Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587 (2007). "The interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing." Id. at 599. It does not appear that Ms. Brown's son attends this school, and she does not allege any connection between her family, East Tech High School, and The Word Church. Furthermore, her assertion that this arrangement between East Tech and the church may affect the school's ability to receive funds from the president's "Race to the Top" education reform package is speculative. It is contingent upon an event which may or may not occur. She therefore lacks standing to assert this First Amendment claim.

### B. Failure to State a Claim

Moreover, Ms. Brown fails to state a claim for federal relief. She claims that the plan will result in segregated schools; however, she alleges no facts to explain or support this statement. She alleges only that 16 of the schools that have been proposed for closure are on the City's east side, which she claims has a predominantly African American population. She gives no indication of how closing these schools will result in segregation. Similarly, she claims without explanation that the school closings will violate the IDEA and the NCLBA. She also alleges that a church using East Tech High School on the weekends violates her First Amendment rights. She believes this will keep the school district from collecting federal funds

under the President's "Race to the Top" education reform package. She does not allege facts to explain or support these assertions.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," or one that tenders assertions devoid of further factual enhancement will not meet this standard. Id.

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id. Ms. Brown's legal assertions without factual allegations to explain or support them are insufficient to state a claim for relief.

Finally, Ms. Brown asserts a claim under the No Child Left Behind Act ("NCLBA"). This statute, however, does not create a private right of action upon students and their parents enforceable against school boards, or providers of supplemental educational

7

services.  See Newark Parents Assoc. v. Newark Public Schools, 547 F.3d 199 (2008); Fresh Start Academy v. Toledo Bd of Educ., 363 F. Supp. 2d. 910 (N.D. Ohio 2005).

### III. Conclusion

Accordingly, Ms. Brown's Application to Proceed In Forma Pauperis is granted, the Motion for Reconsideration (Doc. 7) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     March 10, 2010*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.